IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **LEGION INNOVATIONS, LLC,**<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**ALPHATEC SPINE INC.,**<br><br>　　　　　　　　　　Defendant. | CASE NO. 7:26-cv-26<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Legion Innovations, LLC ("Legion") files this complaint against Defendant Alphatec Spine Inc. ("Alphatec") to stop Defendant's infringement of U.S. Patent No. 10,080,665 ("the '665 Patent") and recover all appropriate legal and equitable relief. Legion alleges as follows:

1.　Legion is a limited liability company organized under the laws of the State of Washington and has a principal place of business at 1600-B SW Dash Point Rd.#255, Federal Way, Washington 98023.

2.　On information and belief, Alphatec is a corporation organized under the laws of Delaware and has a principal place of business at 1950 Camino Vida Roble, Carlsbad, CA 92008. Alphatec maintains multiple regular and established places of business within this District, as described below.

**JURISDICTION AND VENUE**

3.　This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Alphatec under the Texas Long Arm Statute and under the Due Process Clause of the Fifth Amendment. Alphatec has purposefully and intentionally availed itself of the privileges of doing business in Texas and in this District by conducting business within Texas and this District, and by placing goods within the stream of commerce with the expectation that people within the State of Texas would purchase those goods. Alphatec has multiple regular and established places of business in this District, as described below. Alphatec's tortious acts giving rise to this lawsuit, which have harmed Legion, have occurred and are continuing to occur within Texas and within this District. Alphatec further acted with knowledge, at least from the filing and/or service of this complaint, that its actions infringing the '665 Patent, including the inducement by others to engage in the infringing method, would cause harm to Legion in this District. On information and belief, Alphatec is transacting business and benefiting financially from this District's market, including for example, through at least inducing others to engage in the infringing method in this District. Accordingly, the exercise of jurisdiction over Alphatec will not offend traditional notions of fair play and substantial justice.

6. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Alphatec maintains regular and established places of business in this District and has committed acts of infringement in this District, as described below. On information and belief, Alphatec employs full-time employees, including one or more sales representatives, in this District and requires that its employees serving various hospitals within this District to live within a commutable distance of the hospital with which they are associated. On information and belief, the acceptable commutable distance is between 30-45 minutes from the hospital being served. The duties of employees of

Alphatec such as the sales representatives include informing surgeons about the infringing methods; receiving delivery from Alphatec of the materials and tools used to perform the infringing surgery; storing the materials and tools used to perform the surgery in their homes, vehicles, and the hospitals; delivering the materials and tools used to perform the surgery to the site of the surgery; being physically present on site and in the operating room with the surgeon when the infringing surgery is performed; operating computer software being used to perform the surgery; and providing real-time support when each infringing surgery is performed.

7. On information and belief, the infringing procedure has been performed in this District by surgeons using the Alphatec materials and tools in at least the Austin and San Antonio metro areas.

8. On information and belief, Alphatec's employees conduct business on behalf of its employer Alphatec from their homes, including promoting and informing the surgeons of the infringing methods, storing promotional and marketing materials, facilitating delivery and use of the materials and tools used to perform the infringing surgery, and/or the storing the materials and tools used to perform the surgery. On information and belief, Alphatec's employees, including sales representatives, exercise control over, and use, equipment for the infringing surgery on site, including setting up and using computers which operate software used in the infringing surgery.

9. Moreover, for Alphatec's employees to be within a maximum 30-45 drive time of hospitals in these locations effectively requires that these employees live within this District. Because Alphatec's employees conduct regular and continuous business in this District, including storing, delivering and/or operating tools and equipment used in performing the infringing surgery, the location of the employees is a regular and established place of business of Alphatec in this District.

10. In addition, a substantial part of the events giving rise to this cause of action occurred in Texas and, in particular, in this District, as described below.

## FACTUAL BACKGROUND

11. Legion was founded by Dr. Tran with the mission of advancing innovative neurosurgical methods and procedural techniques, training surgeons in their application, developing specialized products to support these practices, and providing consulting and advisory services to medical device companies to further these objectives. In pursuit of this mission, Dr. Tran has secured multiple patents and continues to seek additional intellectual property protection for his groundbreaking inventions.

12. Spinal disease and spinal injuries are a major cause of disability and pain within the US population. When spinal integrity is compromised, compression of the nerve may occur, leading to significant pain for the patient.

13. Traditionally, open surgery was used to treat this condition, in which the patient was placed in the prone position so that one or more intervertebral spacers could be placed into the disc space. The intervertebral spacers provide structural integrity between the vertebra and allow for bony fusion to occur, thus providing a long-term correction for the spine disease or injury. The traditional open surgery, however, suffered from multiple drawbacks, including, for example, large incisions, limitations on the side of the implants, thecal sac and nerve root retractions, among others, which often led to infections, increased blood loss, and bladder control issues, among others.

14. The introduction of fluoroscopy, microscopy, and endoscopy to lumbar spine surgery has allowed the size of the incisions to decrease significantly, minimizing the trauma inflicted on the surrounding tissue. The drawback to these methods is that it decreases the visual

field when compared to open surgery. In addition, when the patient is placed in the prone position for surgery, the footprint that is allowed for performing spinal fusion becomes very small, thus limiting the size of the spacers that can be inserted into the disc space.

15. Surgeons have also tried anterior approaches to the spine, but these approaches have significant drawbacks. As one example, the anterior approach requires the surgeon to have the patient in a position that is unfamiliar to the surgeon. As a result, using this approach may require the use of an access surgeon, increasing the costs and potentially decreasing the availability of the surgery because a second surgeon is required. As another example, in some instances, the patient may need to be transitioned between positions during the surgery, which could lead to complications during the surgery and possible significant injury to the patient.

16. Recognizing the drawbacks of these methods, despite the prevailing wisdom and practice, Dr. Hoan Phan Tran developed a novel and unique method for accessing the spine to perform the spinal fusion surgery while keeping the patient in the prone position.

17. Dr. Hoan Phan Tran's seminal surgical method of performing back surgery allows surgeons to access the disc space via an anterior approach to the vertebral column while keeping the subject patient in the prone position. As a result, surgeons are able to keep patients in a single and the familiar prone position, while allowing for minimally invasive access for larger placement of implants, better deformity correction, and reduced bowel and bladder complications, among other things.

18. Recognizing the importance and groundbreaking innovation provided by these new surgical methods, Legion took steps to protect its invention, including by filing provisional United States Patent Application No. 62/171,933 on June 5, 2015, which was directed toward Devices and Approach for Prone Intervertebral Implant.

19. On September 25, 2018, the United States Patent Office duly issued the '665 Patent, which claims priority to U.S. Provisional Patent Application No. 62/171,933. A true and correct copy of the '665 Patent is attached as **Exhibit A** to this Complaint.

20. Legion owns all rights, title, and interest in the '665 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '665 Patent.

21. On October 5, 2020, Alphatec issued a press release announcing that it had been teaching surgeons a prone transpsoas surgical method in which the patient is placed in the prone position for performing the spinal fusion surgery. *See* www.atecspine.com/atec-announces-novel-ptp-approach (last visited January 13, 2026). According to Alphatec, the prone position "allow[s] for a streamlined surgical approach that addresses many of the challenges that have limited adoption of lateral spine fusion." *Id.* In particular, this approach "minimizes unnecessary patient positioning, enhances time efficiencies, provides surgeons increased optionality, and more reproducibly achieves spinal alignment objectives." *Id.*

22. On August 29, 2025, counsel for Legion sent a letter to Alphatec notifying Alphatec of the rights that Legion had regarding the patented prone lateral surgical method. Alphatec responded that it was conducting an internal review regarding Legion's patent rights.

23. On January 7, 2026, counsel for Legion sent a second letter to Alphatec regarding Legion's patent rights.

## COUNT I:
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '665 PATENT

24. Legion incorporates by reference the allegations in the preceding paragraphs.

25. As set forth herein, under 28 U.S.C. § 271(a), Alphatec has infringed literally and/or under the doctrine of equivalents one or more claims of the '665 Patent by using the recited patented methods in the United States without the authorization or consent of Legion.

26. As set forth herein, under 28 U.S.C. § 271(b), Alphatec has induced and continues to induce infringement of the '665 Patent by actively and knowingly aiding and abetting the surgeons to use the patented methods recited in the '665 Patent in the United States, without the authorization or consent of Legion. Alphatec thus indirectly infringes one or more claims of the '665 Patent.

27. For example, as shown in the following paragraphs, the PTP method used and promoted by Alphatec for use by surgeons infringes at least claim 1 of the '665 Patent literally and/or under the doctrine of equivalents. These descriptions are illustrative only and made without the benefit of discovery or claim construction. Legion reserves the right to modify its infringement allegations to include additional claims as appropriate.

28. As shown in the following screenshot, Alphatec uses and encourages surgeons to perform a method of surgery on a spine of a subject positioned in a prone position (claim 1[pre]):



See video titled Alphatec Spine: PTP Prone Transpsoas at 2:07 (located at www.youtube.com/watch?v=y0mB3tff9-g) (last visited January 13, 2026). *See also* PTP Procedural Demonstration located at https://www.youtube.com/watch?v=11BCRJ-PodI at 0:20) (last visited January 16, 2026).

29.     As shown in the following figure, Alphatec uses and encourages surgeons to perform a method that includes making an incision in a posterolateral flank of the subject (claim element 1[a]):



*See* https://atecspine.com/ptp-patients/ (last visited January 13, 2026); *see also* PTP Procedural Demonstration located at https://www.youtube.com/watch?v=11BCRJ-PodI at 0:50-1:07 (last visited January 16, 2026).

30.     As shown in the following, screenshot Alphatec uses and encourages surgeons to perform a method that includes performing dissection from the incision at least toward a quadratus lumborum muscle or an external oblique muscle of the subject (claim element 1[b]):



*See* https://atecspine.com/ptp-patients/ (last visited January 21, 2026); *see also* PTP Procedural Demonstration located at https://www.youtube.com/watch?v=11BCRJ-PodI at 0:50-1:25 (last visited January 16, 2026).

31.     As shown in the same screenshot, Alphatec uses and encourages surgeons to perform a method that includes performing dissection into the retroperitoneal space through the transversalis fascia (claim element 1[c]); *see also* PTP Procedural Demonstration located at https://www.youtube.com/watch?v=11BCRJ-PodI at 0:50-1:25 (last visited January 16, 2026).

32.     As shown in the following annotated screenshot, Alphatec uses and encourages surgeons to perform a method that includes accessing a target disc space in the spine via the retroperitoneal space (claim element 1[d]):



See https://atecspine.com/ptp-patients/ (annotated) (last visited January 21, 2026); ; *see also* PTP Procedural Demonstration located at https://www.youtube.com/watch?v=11BCRJ-PodI at 1:25-2:41 (last visited January 16, 2026).

33. On information and belief, Alphatec will continue in the future to use the surgical methods and induce surgeons in this District to use the surgical methods covered by one or more claims in the '665 Patent, such that infringement of the '665 Patent will continue to occur in this District.

34. Alphatec's infringements have been willful, intentional, and deliberate. Alphatec knew or should have known at least by the date that it received notice of this lawsuit that the PTP method would directly infringe claims of the '665 Patent, and that its actions result in indirect infringement of the claims of the '665 Patent. Alphatec, however, has infringed and, on information and belief, continues to infringe claims of the '665 Patent.

## JURY DEMAND

35.     Pursuant to Federal Rule of Civil Procedure 38(b), Legion hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Legion respectfully prays for:

A.      Judgment that Alphatec has directly infringed the '665 Patent by using a surgical method covered by one or more claims in the '665 Patent;

B.      Judgment that Alphatec has induced infringement of the '665 Patent as of the date that it first gained knowledge of the claims of the '665 Patent by encouraging surgeons in the United States to perform a surgical method covered by one or more claims in the '665 Patent;

C.      Judgment that Alphatec has willfully infringed the '665 Patent as of the date that it first gained knowledge of the claims of the '665 Patent;

D.      An award of damages adequate to compensate Legion for Alphatec's infringement of the '665 Patent, together with prejudgment and post-judgment interest and costs;

E.      An award of enhanced damages pursuant to 35 U.S.C. § 284;

F.      A declaration that this case is exceptional under 35 U.S.C. § 285, and that Legion be awarded reasonable attorneys' fees and costs; and

G.      Such other and further relief as this Court deems just and proper.

Date:   January 26, 2026

*/s/ Syed M. Abedi w/ permission*
*William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
**DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Jeffrey E. Danley (*pro hac vice forthcoming*)
Syed M. Abedi (*pro hac vice forthcoming*)
SEED INTELLECTUAL PROPERTY
LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: 206-622-4900
Jeff.Danley@seedip.com
SyedA@seedip.com

*Attorneys for Plaintiff Legion Innovations Inc.*
