**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **LEGION INNOVATIONS, LLC**<br><br>**Plaintiff,**<br>**v.**<br><br>**ALPHATEC SPINE INC.**<br><br>**Defendant.** | **No. 7:26-CV-00026-DC-DTG**<br><br>**JURY TRIAL DEMANDED** |

**JOINT MOTION FOR ENTRY OF DISPUTED SCHEDULING ORDER**

Plaintiff Legion Innovations, LLC ("Legion" or "Plaintiff") and Defendant Alphatec Spine Inc. ("Alphatec" or "Defendant") have a dispute regarding the proposed case schedule. The parties have each included their proposed case schedules in Exhibit A, and the parties' respective positions are set forth below.

## I. Legion's Position

Plaintiff Legion respectfully submits that this case should proceed under the Court's standard scheduling order. Defendant seeks to deviate from that framework by shifting substantive deadlines to commence two weeks after the close of briefing on its motion to dismiss for improper venue. In particular, Defendant's proposal delays the entire case schedule beginning with its deadline to serve invalidity contentions. This proposed schedule is highly prejudicial to Plaintiff. Plaintiff complied with the Court's standard scheduling order and served its infringement contentions on April 3, 2026. Under Defendant's proposal, however, Defendant would receive an inequitable extension of time to prepare its invalidity contentions after obtaining the benefit of Plaintiff's detailed infringement contentions.

On April 9, 2026, counsel for the parties met and conferred regarding this dispute. Defendant asserted that deviation from the Court's standard scheduling order is warranted because the local patent rules of the Southern District of California—where Defendant contends venue is proper—differ from those of this Court with respect to infringement and invalidity contentions. In an effort to compromise, Plaintiff offered to make any necessary adjustments to ensure consistency with those rules[1]. Following the meet and confer, Plaintiff reviewed the Southern District of California's local patent rules, identified no material differences, and requested clarification from Defendant. Defendant did not respond.

Further, motions to transfer are a common occurrence in this District, and this Court's OGP and proposed schedule already account for them. *See* Standing Order Governing Proceedings (OGP) 4.4—Patent Cases at § VI. For instance, section VI of the OGP provides for a procedure of filing status reports related to pending motions to transfer. This represents the Court's decision on how best to strike a balance between, on the one hand, avoiding unneeded delay in litigating a case and, on the other, avoiding a case moving too far along without first addressing a pending motion to transfer. This means that Defendants' concern motivating its proposed schedule—e.g., its request to transfer this case—has already been adequately addressed by the Court's existing procedures and does not warrant the extensions Defendant seeks.

Moreover, Plaintiff filed this case on January 26, 2026, and has already agreed to one extension of time for Defendant to respond to the complaint. Defendant has had more than sufficient time to develop its invalidity positions.

---

[1] For clarity, Plaintiff asserts that venue is proper in the Western District of Texas and rejects Defendant's concern that any possible difference between Patent Local Rules poses a real threat of additional or unnecessary work. Plaintiff offered this compromise out of a good faith effort to avoid bringing a dispute before the Court.

If the Court is inclined to deviate from its standard scheduling order, as a further compromise, plaintiff is willing to accept Defendant's proposed scheduling order in all respects except for the deadline to serve invalidity contentions, which should remain consistent with the court's standard scheduling order—namely, May 29, 2026.

## II. Alphatec's Position

Legion filed this lawsuit in an improper venue. Alphatec has no presence in or connection to this District, and neither does any of the alleged infringing conduct. It is undisputed that Alphatec does not reside in this District because Alphatec is a California corporation based in Carlsbad, California. D.E. 1, Compl. ¶ 2; D.E. 21 at 4. And neither does Alphatec have a "regular and established place of business" in this District that would provide a basis for proper venue here. Alphatec has therefore moved to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). *See* D.E. 21. The parties are presently engaged in venue discovery, which is set to close May 29, 2026, and the briefing on Alphatec's motion to dismiss is set to close June 26, 2026. *See* D.E. 24 (Joint Notice of Venue Discovery).

Because venue is improper, Alphatec has moved to stay all non-venue-related deadlines until the Court's resolution of the motion to dismiss. D.E. 25. The Federal Circuit has repeatedly held that all substantive issues in the case and all discovery should be stayed pending a motion to dismiss or transfer venue. *See id*. at 1, 3. Therefore, Alphatec respectfully requests that the Court not enter a scheduling order until the Court first resolves Alphatec's motion to dismiss. If the Court denies Alphatec's motion to dismiss, only then should the parties propose a scheduling order.

In the alternative, should the Court enter a scheduling order now, Alphatec respectfully submits that the non-venue-related deadlines should begin after the parties have completed venue

discovery and the motion to dismiss briefing. Alphatec's proposed schedule, below, proposes that Alphatec serve its preliminary invalidity contentions 2 weeks after the motion to dismiss briefing closes. The rest of Alphatec's proposed case deadlines then follow the subsequent timing in Appendix A – Exemplary Schedule of the OGP. This short and reasonable shift in the schedule will allow the parties to first focus on the threshold venue issues before then turning to merits issues, if necessary. As explained in Alphatec's motion to stay, such a short delay in the proceedings will not prejudice Legion. D.E. 25 at 5–6. The asserted '665 patent issued in 2018 and Alphatec publicly announced the accused procedure in 2020, more than five years ago. D.E. 1, Compl. ¶¶ 1, 21. But Legion did not express any concerns about the procedure until late 2025 and did not file this lawsuit until 2026. *Id*. ¶¶ 19–23. Given the substantial time that elapsed between Alphatec's public announcement of the accused procedure and Legion's decision to bring suit, any brief additional delay in the schedule pending resolution of the venue motion would not cause any harm.

Dated April 13, 2026.

Respectfully submitted,

*/s/ Syed M. Abedi w/ permission*
*William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090

Jeffrey E. Danley (*pro hac vice*)
Syed M. Abedi (*pro hac vice*)
SEED INTELLECTUAL PROPERTY
LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel.: 206-622-4900
Jeff.Danley@seedip.com
SyedA@seedip.com

*Attorneys for Plaintiff*

*/s/ Nimalka Wickrameskera*
Nimalka Wickramasekera
California Bar No. 268518
NWickramasekera@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, California 90071
Tel.: (213) 615-1700

Michael A. Meneghini
*(Admitted pro hac vice)*
MMeneghini@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr. Chicago, IL 60601
Tel.: (312) 558-5600

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system on April 13, 2026.

/s/ *William E. Davis, III*___
William E. Davis, III